IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SEAN S. EARL,

v.                                    Civil Action No. 3:19CV547

COMMONWEALTH OF VIRGINIA,

**MEMORANDUM OPINION**

Sean S. Earl, a Virginia state prisoner proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254. (ECF No. 5.) Respondent moves to dismiss, inter alia, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite the provision of Roseboro[1] notice, Earl filed no response.[2] For the reasons set forth below, the Motion to Dismiss (ECF No. 10) will be GRANTED.

**I. PROCEDURAL HISTORY**

On May 9, 2007, in the Circuit Court for the City of Portsmouth (the "Circuit Court"), Earl pled guilty and was found guilty of second-degree murder, malicious wounding, and two counts of use of a firearm in the commission of a felony. Commonwealth v. Earl, No. CR06-2360, at 1 (Va. Cir. Ct. May 9, 2007). On July

---

[1] See Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[2] Rather than address Respondent's Motion to Dismiss (ECF No. 10), Earl filed an interlocutory appeal (ECF No. 14), which was subsequently dismissed by the Court of Appeals (ECF No. 18).

13, 2007, the Circuit Court entered judgment and sentenced Earl to 31 years of incarceration. <u>Commonwealth v. Earl</u>, No. CR06-2360, at 1-2 (Va. Cir. Ct. July 9, 2007). Earl did not appeal.

Over a decade later, in May of 2018, Earl filed a motion to vacate in the Circuit Court. (ECF No. 5, at 3.)[3] On May 25, 2018, the Circuit Court denied the motion to vacate. (ECF No. 1-1, at 1-2.) On June 27, 2019, finding "no reversible error," on the part of the Circuit Court, the Supreme Court of Virginia refused Earl's petition for appeal. (<u>Id.</u> at 3.)

On July 25, 2019, Earl filed a "PETITION FOR APPEAL OF MOTION TO VACATE VOID JUDGMENT AB INITIO" in the United States District Court for the Western District of Virginia. (ECF No. 1.) On July 31, 2019, the matter was transferred to this Court. (ECF No. 2.) On August 3, 2019, Earl restyled this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[4] (ECF No. 5.)

Earl asserts the following claims for relief:

Claim One: "The Court never took judicial notice that the location of the alleged crimes w[as] located in the Commonwealth[.]" (<u>Id.</u> at 5.)

---

[3] The Court corrects the capitalization, spacing, punctuation, and spelling in the quotations from Earl's submissions. The Court employs the pagination assigned by CM/ECF docketing system to the parties' submissions.

[4] This is the date on which Earl indicated he gave his 28 U.S.C. § 2254 to the prison mailroom. (ECF No. 5, at 15). The Court deems Earl's § 2254 Petition to be filed as of this date. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988).

2

  Claim Two:  "Its decree fixing and attaching liens upon the same was void judgment and may be set aside and disregarded as a nullity." (<u>Id.</u> at 7.)

  Claim Three: "The Circuit Court erred when it assumed jurisdiction of the case from the inferior [General District] Court." (<u>Id.</u> at 8.)

  Claim Four: "The Circuit Court erred when it determined that the petitioner did not establish grounds for a Motion to Vacate." (<u>Id.</u> at 10.)

## II. ANALYSIS

### A. Noncognizable Claims

Claim Four fails to provide a cognizable basis for federal habeas relief. "Claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." <u>Bryant v. Maryland</u>, 848 F.2d 492, 493 (4th Cir. 1988) (citations omitted). That is because the habeas petitioner's detention results from the underlying state conviction, not from the state post-conviction collateral proceeding. <u>Lawrence v. Branker</u>, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing <u>Bryant</u>, 848 F.2d at 493; <u>Bel-Bey v. Roper</u>, 499 F.3d 752, 756 (8th Cir. 2007); <u>United States v. Dago</u>,

3

441 F.3d 1238, 1248 (10th Cir. 2006))). Accordingly, Claim Four will be dismissed.

### B. Statute Of Limitations

Respondent contends that, inter alia, the federal statute of limitations bars Earl's remaining claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> **1.** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### C. Commencement And Running Of The Statute Of Limitations

Earl's conviction became final on Monday, August 13, 2007, when the time to appeal his conviction and sentence expired. See Va. Code § 8.01-675.3 (notice of appeal . . . shall be filed within 30 days from the date of any final . . . conviction); Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))).

The limitation period began to run on August 14, 2007 and expired on August 14, 2008. Earl filed his state habeas petition in May 2018, almost a decade after the expiration of the limitation period. Thus, he lacks entitlement to any statutory tolling. Deville v. Johnson, No. 1:09cv72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (citing Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)). Further, neither Earl nor the record suggests any plausible basis for equitable tolling[5] or a belated

---

[5] The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely

5

commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D).[6] Accordingly, the statute of limitations bars the § 2254 Petition.

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 10) will be GRANTED. Earl's § 2254 Petition (ECF No. 5) will be DENIED. The action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & 4 (1983)). Earl fails to meet this standard. A certificate of appealability will be DENIED.

---

filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

[6] Earl's § 2254 Petition was untimely as of 2008. Earl gives no explanation why he did not file his § 2254 Petition prior to the expiration of the limitations period. (ECF 5, at 13-14.)

The Clerk is directed to send a copy of the Memorandum Opinion to Earl and counsel for the Respondent.

It is so ORDERED.

/s/ *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 11, 2020